Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Misha Isaak, OSB No. 086430
misaak@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

Kelly K. Simon (she/her), OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR  97240
Telephone:  503-227-6928

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER WISE, MICHAEL MARTINEZ, CHRISTOPHER DURKEE, and SAVANNAH GUEST, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation; OFFICER STEPHEN B. PETTEY, in his individual capacity; JOHN DOES 1-60, individual and supervisory officers of Portland Police Bureau; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. MARSHALS SERVICE; JOHN DOES 61-100, individual and supervisory officers of the federal government,<br><br>Defendants. | Case No. 3:20-cv-01193-IM<br><br>**PLAINTIFFS' MOTION TO CORRECT THE DOCKET AND REINSTATE THE FEDERAL AGENCY DEFENDANTS AS PARTIES**<br><br>ORAL ARGUMENT REQUESTED |

1- PLAINTIFFS' MOTION TO CORRECT THE DOCKET

152884694.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## MOTIONS

Plaintiffs Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest (collectively, Plaintiffs"), respectfully move to correct the Court's docket, to reflect that Defendants U.S. Department of Homeland Security and U.S. Marshals Service (the "Federal Agency Defendants") still are parties to this lawsuit. Plaintiffs' motion is supported by the Declaration of Nathan R. Morales ("Morales Decl.").

## LOCAL RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1, counsel for Plaintiffs certifies that Plaintiffs and the Federal Agency Defendants made a good-faith effort through personal or telephone conferences to resolve the dispute, which the parties were unable to do.

## RELEVANT FACTS

Plaintiffs filed the operative complaint against the Federal Agency Defendants, on July 22, 2020. ECF 1. That complaint includes four claims for relief against the Federal Agency Defendants: (1) violation of the First Amendment, seeking both damages and equitable relief; (2) violation of the Fourth Amendment, seeking both damages and equitable relief; (3) violation of the federal Administrative Procedures Act (the "APA"); and (4) claim for an order declaring the Federal Agency Defendant's actions unlawful. *Id.* at pgs. 46-52.

On October 20, 2020, the Federal Agency Defendants filed a motion to dismiss. ECF 58. In that motion, the Federal Agency Defendants asserted two general bases for dismissal: (1) Plaintiffs lacked standing to bring *their claims for equitable relief* against the Federal Agency Defendants, and (2) Plaintiffs had failed to sufficiently plead a violation of the First Amendment, Fourth Amendment, and the APA. *Id.* at pgs. 5-28. The only basis for dismissal of the declaratory judgment claim asserted by the Federal Agency Defendants, was that Plaintiffs could not obtain declaratory relief in the absence of a corresponding injunction claim. *Id.* at pgs. 12-13.

After briefing and oral argument, this Court issued an Opinion and Order on the Federal

2-    PLAINTIFFS' MOTION TO CORRECT THE DOCKET

152884694.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Agency Defendants' motion to dismiss.  ECF 88.  In that order, the Court concluded only that

> it does not have jurisdiction to hear Plaintiffs' claims for equitable relief against Federal Defendants sued in their official capacities both because Plaintiffs have not shown that they have standing for such relief and, even assuming they did, their claims for prospective relief are now moot.  Plaintiffs' claims for equitable relief against Federal Defendants are therefore dismissed on those grounds.

*Id.* at pg. 2.  The Court did not, however, dismiss Plaintiffs' claims against the Federal Agency Defendants *for damages*.  Nor did the Court dismiss Plaintiffs' APA claim and declaratory judgment claim against the Federal Agency Defendants.

After the Court issued its Opinion and Order on the motion to dismiss, it also ordered that Plaintiffs engage in discovery and serve the Doe Defendants.  ECF 92.  In compliance with that order, Plaintiffs served discovery requests on both the Municipal Defendants and Federal Defendants.  Morales Decl. at ¶ 1, Ex. A.  Shortly thereafter, the Federal Agency Defendants sent Plaintiffs' counsel a letter.  *Id.* at ¶ 2, Ex. B.  In that letter, the Federal Agency Defendants incorrectly state that, in its order on the motion to dismiss, "the Court dismissed *all claims* against Former Federal Defendants, and former Federal Defendants have been terminated as parties to this case."  *Id.* (emphasis added).  Therefore, the Federal Agencies informed Plaintiffs that, "[a]s non-parties to this case, Former Federal Defendants are not subject to discovery," and they would not respond to any discovery requests.  *Id.*

## ARGUMENT

Plaintiffs move to correct the docket, so that it accurately reflects that the Federal Agency Defendants still are parties in this lawsuit.  The Clerk of the Court has authority to enter records and information into the "civil docket."  Fed. R. Civ. P. 79(a).  That authority, however, is "[s]ubject to the court's power to suspend, alter, or rescind the clerk's action for good cause."  Fed. R. Civ. P. 77(c).  Here, good cause exists to alter the docket, so that it accurately reflects the true status of the Federal Agency Defendants as parties.  Currently, the docket provides that the Court has dismissed *all the claims* against the Federal Agency Defendants *in their entirety*.  But,

3-   PLAINTIFFS' MOTION TO CORRECT THE DOCKET

152884694.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

as explained above, the Court did not dismiss the APA or declaratory judgment claims. Nor did it dismiss the constitutional claims for damages against the Federal Agency Defendants. Therefore, those defendants still are parties, and good cause exists to amend the docket, so that it reflects that reality.

Plaintiffs acknowledge that, under the law, the Court may eventually dismiss the damages claims against the Federal Agency Defendants. That simply has not happened yet. And it would not be appropriate for either the Federal Agency Defendants or the Clerk of the Court to put the cart before the horse, so to speak. If the Federal Agency Defendants eventually do seek dismissal on grounds such as sovereign immunity, Plaintiffs would then have an opportunity to respond with its own arguments—for instance, that sovereign immunity has been waived or that this case fits within another exception to the doctrine. The point is: the Federal Agency Defendants have not sought dismissal on these or other grounds and Plaintiffs have not proffered responsive arguments. Further, a completely viable APA claim still exists against the Federal Agency Defendants. Thus, those defendants are still parties to this action and, thus, the docket should not reflect that the Court has terminated them from the case.

The Federal Agency Defendants would play cat-and-mouse with Plaintiffs' damages claims. On the one hand, the Court has given Plaintiffs 90 days to identify the "John Doe" federal officials who perpetrated constitutional torts against them in order to name them as defendants and to effect service on them. On the other hand, Federal Agency Defendants have refused to provide the information needed to identify these individuals. This sort of litigation game departs from the Ninth Circuit's direction that "plaintiff[s] should be given an opportunity through discovery to identify the unknown defendants[.]" *Gillespie v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980). Plaintiffs ask the Court to correct the docket so that the Federal Agency Defendants cannot use this technical error to withhold the identities of the unnamed "John Doe" federal defendants.

4- PLAINTIFFS' MOTION TO CORRECT THE DOCKET

152884694.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: July 13, 2021

**PERKINS COIE LLP**

By: */s/ Nathan R. Morales*
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Misha Isaak, OSB No. 086430
    misaak@perkinscoie.com
    Nathan R. Morales, OSB No. 145763
    NMorales@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000

*Attorneys for Plaintiffs*

5- PLAINTIFFS' MOTION TO CORRECT THE DOCKET

152884694.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222