**Thomas R. Johnson,** OSB No. 010645
TRJohnson@perkinscoie.com
**Misha Isaak,** OSB No. 086430
misaak@perkinscoie.com
**Nathan R. Morales,** OSB No. 145763
NMorales@perkinscoie.com
**Holly J. Martinez**, OSB No. 192265
HMartinez@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Kelly K. Simon,** OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR  97240
Telephone:  503-227-6928

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER WISE, MICHAEL MARTINEZ, CHRISTOPHER DURKEE, and SAVANNAH GUEST, individuals,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, a municipal corporation; OFFICER STEPHEN B. PETTEY, in his individual capacity; JOHN DOES 1-60, individual and supervisory officers of Portland Police Bureau; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. MARSHALS SERVICE; JOHN DOES 61-100, individual and supervisory officers of the federal government,<br><br>                Defendants. | Case No. 3:20-cv-01193-IM<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT U.S. DEPARTMENT OF HOMELAND SECURITY**<br><br>Pursuant to Fed. R. Evid. 201 |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. DEPARTMENT OF HOMELAND
SECURITY

152522881.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 1 of 35

Under Federal Rule of Civil Procedure 33 and Local Rule 33, Plaintiffs Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest request that Defendant U.S. Department of Homeland Security answer these interrogatories in wring and under oath within 30 days after service of these interrogatories.

## DEFINITIONS

As used in this request, the following terms are defined as follows:

1.      The term "Plaintiffs" refers to Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest.

2.      The terms "Defendant," "You" or "Your" refer to U.S. Department of Homeland Security, and their agents, employees, officers, and officials.

3.      The terms "person" and "persons" The terms "person" and "persons" mean both natural persons and legal entities (i.e., local, county, state, or other governmental entities). Unless noted otherwise, references to any person, entity, or party includes its, his, or her agents, attorneys, employees, employers, officers, or others acting on behalf of that person or entity.

4.      The singular form of a term shall be interpreted to include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5.      The masculine form of a term shall be interpreted to include the feminine and vice versa.

6.      Unless the context does not permit, the term "including" or "include" shall be without limitation.

7.      The terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these requests any information which might be deemed outside their scope by any other construction.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

8.    The terms "each," "any" and "all" shall be construed in their broadest form, and words imparting the singular shall include the plural and vice versa, to bring within the scope of these requests all the information that might otherwise be construed to be outside their scope.

9.    The terms "Officer," "Police Officer," and "Federal Officer" refer to employees and agents of Defendant whose duties involve law enforcement and policing, including but not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

10.    The terms "protest activities" and "protest related" mean any public demonstration or gathering in Portland following the murder of George Floyd on May 25, 2020, in support of civil rights, limiting police authority or behavior, or limiting the presence of federal officers in Oregon.

11.    The term "protest area" refers to the area in downtown Portland circumscribed by West Burnside Street, the Willamette River, and Interstate Highway 405, including the Portland police-union headquarters, the Multnomah County Sheriff's Office, Chapman Square, Lownsdale Square, Multnomah County Justice Center, Mark O. Hatfield Federal Courthouse, Portland City Hall and the Multnomah County Courthouse.

12.    The term "protest-related policing" refers broadly to all actions taken by Officers and others in anticipation of, in response to, or as a result of protest activities in the protest area. The term includes but is not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

13.    The term "subordinate agency" refers to each agency that falls within Defendant's control, whether officially, under an interagency agreement, or on an ad hoc basis, including but not limited to Customs and Borders Protection, Immigration and Customs

2-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. DEPARTMENT OF
HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax:  503.727.2222

Enforcement, the Transportation Security Administration, the Coast Guard, and the Federal Protective Service.

14.     The term "munitions" means all less-lethal methods of crowd control, including but not limited to: rubber bullets, pepper balls, cans of tear gas, bean bags, batons, mace, and other projectiles thrown by hand, swung, or otherwise discharged by an Officer.

## INSTRUCTIONS

Defendant must answer each interrogatory fully in writing under oath.

1.     When an interrogatory relates to more than one person or subject, it must be answered as to each such person or subject separately.

2.     Any objection to the interrogatories must be signed by the attorney making the objection.  The objecting party must state the reasons for the objection with specificity and must answer any portion of the interrogatory to which there is no objection.

3.     Defendant must furnish all information available to it as of the date of its answers to these interrogatories.  If Defendant is unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of Defendant knowledge and Defendant inability to answer the remainder, setting forth whatever information or knowledge Defendant may have concerning the unanswered portions and the efforts made to obtain the requested information.

4.     Whenever Defendant is asked to identify or state the identity of a person, please state:  (a) the person's full name; (b) the person's current or last known Internet e-mail address; (c) the person's current business address or last known home and business address; (d) the person's current business telephone number or last known home and business telephone numbers; (e) last known employer; (f) last known title or occupation; (g) if the person's present whereabouts are unknown, state all information known to Defendant that reasonably may be helpful in locating the person (for example, spouse's name and address and the names and

3-     PLAINTIFFS' FIRST SET OF INTERROGATORIES
       TO DEFENDANT U.S. DEPARTMENT OF
       HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

addresses of other known relatives); (h) the person's badge number, if applicable; and (i) if the person has ever been employed by Defendant, state all employment positions which the person has held with Defendant and the beginning and ending dates of each such employment position.

5.    These interrogatories call for all information (including information contained in any document or writing) that is known or available to Defendant, including all information in the possession of or available to Defendant's attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

6.    If Defendant withholds information responsive, in whole or in part, to any interrogatory on the basis of privilege or immunity from discovery, identify:  (a) the privilege or immunity asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required to test the claim of privilege on a motion to compel.

7.    If Defendant objects to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

8.    Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

9.    If the answer to an interrogatory requests identification of documents, and Defendant is aware that a document or thing, or group of documents or things, once existed but has been destroyed, then you are instructed to state when the document, thing, or group of documents or things was destroyed, who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

10.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is under a duty to promptly amend their responses to these interrogatories if they learn that an

4-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
       TO DEFENDANT U.S. DEPARTMENT OF
       HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

answer is incomplete or incorrect.  If Defendant expects to obtain further information or expect the accuracy of a response to change between the time responses are served and the time of trial, Defendant must state this fact in each response:

## INTERROGATORIES

**Interrogatory No. 1:** Identify each Federal Officer sent to Portland pursuant to Executive Order 13933-Protecting American Monuments, Memorials, and Statues and Combating Recent Criminal Violence ("Executive Order") from June 26, 2020 to August 2, 2020, including but not limited to the dates of: July 4-21, 2020.

**Response to Interrogatory No. 1:**


**Interrogatory No. 2:** Identify each Federal Officer sent to Portland pursuant to any order or agreement not referenced in Interrogatory No. 1 from June 26, 2020 to August 2, 2020, for the purpose of protecting federal property, crowd control, or protest-related policing.

**Response to Interrogatory No. 2:**


**Interrogatory No. 3:** Identify each subordinate agency that sent Federal Officers to Portland in response to the Executive Order, or in response to any other order or agreement from June 26, 2020 to August 2, 2020, for the purpose of protecting federal property, crowd control, or protest-related policing.

**Response to Interrogatory No. 3:**


5- PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. DEPARTMENT OF
HOMELAND SECURITY

152522881.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222    EXHIBIT A
Page 6 of 35

**Interrogatory No. 4:** Identify individuals with direct supervisory authority over the Officers listed in response to Interrogatory Nos. 1 and 2.  This interrogatory includes any temporary or ad hoc supervisory authority over law enforcement.

**Response to Interrogatory No. 4:**

**Interrogatory 5:** Identify each of the orders, agreements, or other authorities Defendant relied upon to send officers to Portland from June 26, 2020 to August 2, 2020, for the purpose of protecting federal property, crowd control, or protest-related policing.

**Response to Interrogatory No. 5:**

**Interrogatory No. 6:** Identify the Officers described in ¶153 of the Complaint.

**Response to Interrogatory No. 6:**

**Interrogatory No. 7:**  Identify each Officer who struck any protester with a baton or other melee weapon within the protest area on July 4, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 7:**

**Interrogatory No. 8:** Identify each Officer who discharged munitions (including throwing munitions) within the protest area on July 4, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 8:**

6- PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. DEPARTMENT OF
HOMELAND SECURITY

152522881.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 7 of 35

**<u>Interrogatory No. 9:</u>** Identify the Officer described in ¶160 of the Complaint.

**<u>Response to Interrogatory No. 9:</u>**


**<u>Interrogatory No. 10:</u>** Identify each Officer who discharged munitions (including throwing munitions) within the protest area on July 11, 2020, including into the following day, if the Officer was present through midnight

**<u>Response to Interrogatory No. 10:</u>**


**<u>Interrogatory No. 11:</u>** Identify each Officer who discharged munitions (including throwing munitions) within the protest area on July 12, 2020, including into the following day, if the Officer was present through midnight.

**<u>Response to Interrogatory No. 11:</u>**


**<u>Interrogatory No. 12:</u>** Identify each Officer shown in the video described in ¶169 of the Complaint.

**<u>Response to Interrogatory No. 12:</u>**


**<u>Interrogatory No. 13:</u>** Identify each Officer who struck any protester with a baton or other melee weapon within the protest area on July 5, 2020, including into the following day, if the Officer was present through midnight.

**<u>Response to Interrogatory No. 13:</u>**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED:  May 25, 2021

**PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*

    **Thomas R. Johnson,** OSB No. 010645
    TRJohnson@perkinscoie.com
    **Misha Isaak,** OSB No. 086430
    misaak@perkinscoie.com
    **Nathan R. Morales,** OSB No. 145763
    NMorales@perkinscoie.com
    **Holly J. Martinez**, OSB No. 192265
    HMartinez@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000

    *Attorneys for Plaintiffs*

8-   PLAINTIFFS' FIRST SET OF INTERROGATORIES
     TO DEFENDANT U.S. DEPARTMENT OF
     HOMELAND SECURITY

152522881.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 9 of 35

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' FIRST SET OF**

**INTERROGATORIES TO DEFENDANT U.S. DEPARTMENT OF HOMELAND**

**SECURITY** on the following:

Brian M. Boyton
Scott E. Asphaug
Alexander K. Haas
Brigham J. Bowen
Jason Lynch
Keri Berman
Keri.l.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11206
Washington, D.C. 20530

to be sent by the following indicated method or methods, on the date set forth below:

| | |
|---|---|
| ☐ | by **sending via the court's electronic filing system** |
| ☒ | by **email** |
| ☒ | by **mail** |
| ☐ | by **hand delivery** |

DATED:  May 25, 2021

**PERKINS COIE LLP**

By:*/s/ Thomas R. Johnson*

**Thomas R. Johnson,** OSB No. 010645
TRJohnson@perkinscoie.com
**Misha Isaak,** OSB No. 086430
misaak@perkinscoie.com
**Nathan R. Morales,** OSB No. 145763
NMorales@perkinscoie.com
**Holly J. Martinez,** OSB No. 192265
HMartinez@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000

1-    CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Thomas R. Johnson,** OSB No. 010645
TRJohnson@perkinscoie.com
**Misha Isaak,** OSB No. 086430
misaak@perkinscoie.com
**Nathan R. Morales,** OSB No. 145763
NMorales@perkinscoie.com
**Holly J. Martinez**, OSB No. 192265
HMartinez@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Kelly K. Simon,** OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR  97240
Telephone:  503-227-6928

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER WISE, MICHAEL MARTINEZ, CHRISTOPHER DURKEE, and SAVANNAH GUEST, individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, a municipal corporation; OFFICER STEPHEN B. PETTEY, in his individual capacity; JOHN DOES 1-60, individual and supervisory officers of Portland Police Bureau; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. MARSHALS SERVICE; JOHN DOES 61-100, individual and supervisory officers of the federal government,<br><br>        Defendants. | Case No. 3:20-cv-01193-IM<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT U.S. DEPARTMENT OF HOMELAND SECURITY**<br><br>Pursuant to Fed. R. Evid. 201 |

PLAINTIFFS' REQUEST FOR PRODUCTION TO
DEFENDANT U.S. DEPARTMENT OF
HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**TO:**        **Defendant U.S. Department of Homeland Security ("Defendant") and their counsel of record:**

Under Rule 34 of the Federal Rules of Civil Procedure, plaintiffs Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest (collectively, "Plaintiffs") submit the following Requests for Production to Defendant to be answered within 30 days after service. Plaintiffs requests that Defendant electronically produce responsive documents and things to the Portland, Oregon office of Perkins Coie LLP, 1120 NW Couch St., Tenth Floor, Portland, OR 97209. Defendant is hereby requested to timely supplement their production to each and every Request whenever they learn that the response is incomplete or incorrect in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      "Plaintiffs" means Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest.

2.      The terms "Defendant," "You" or "Your" refer to U.S. Department of Homeland Security, and their agents, employees, officers, and officials.

3.      The terms "person" and "persons" mean both natural persons and legal entities (i.e., local, county, state, or other governmental entities).  Unless noted otherwise, references to any person, entity, or party includes its, his, or her agents, attorneys, employees, employers, officers, or others acting on behalf of that person or entity.

4.      "Document(s)" is used in its broadest sense and means, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. "Document(s)" includes, but is not limited to, any books, brochures, catalogs, press releases, pamphlets, periodicals, letters, memorandums, diaries, files,

1-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
      DEFENDANT U.S. DEPARTMENT OF
      HOMELAND SECURITY

152509691.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

notes, calendar, newspapers, magazines, statements, bills, invoices, orders, policies, telegrams, correspondences, summaries, receipts, opinions, investigation statements or reports, schedules, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, manuals, financing statements, payroll reports or statements, audit reports, tax returns, reports, patents, patent applications, datasheets, contracts and agreements, memorandum of agreements, assignments, licenses, sublicenses, opinions and reports of experts, records, studies, handwritten notes, drawings, working papers, charts, indexes, tapes (audio or visual), microfilm, data sheets, e-mail and all other electronic and digital forms of communication, however produced.  Each non-identical draft of a document is a separate "document" under this definition.

5.       "Thing(s)" is given the broadest interpretation permitted by the Federal Rules of Civil Procedure.

6.       "Communication" means any oral, written, or electronic statement or message conveyed by one person or entity to another person or entity, any statement made by one person in the presence of one or more other persons, and any document delivered by or for one person to another person or entity.

7.       "Concerning" means referring to, relating to, pertaining to, relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with, supporting, contradicting or otherwise considering in any manner whatsoever the subject matter of the inquiry.

8.       "Any," "each" and "all" refer to and include one another; the terms "and" and "or" each mean and include the other, and the singular form of any word and the plural form of the word each mean and include the other.

9.       The terms "and" and "or" are construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10.      The singular form of a word includes the plural and vice versa, and terms in the present tense include terms in the past tense and vice versa.

2-     PLAINTIFFS' REQUEST FOR PRODUCTION TO
       DEFENDANT U.S. DEPARTMENT OF
       HOMELAND SECURITY

152509691.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11.     The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation, including relationships to other events.

12.     The words "identify," "identity," and "identification" mean: (a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number; (b) as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored, or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, a summary of the subject matter of the document, the number of pages of the document, the present whereabouts of the document, and the name and address of the custodian of the document; and (c) as applied to oral communications, to state the name of the person making the communication and the name(s) of the person(s) present while the communication was made, and, where not apparent, the relationship of the person(s) present to the person making the communication, the date and place of the communication, and a summary of the subject matter of the communication.

13.     The terms "protest activities" and "protest related" mean any public demonstration or gathering in Portland following the murder of George Floyd on May 25, 2020, in support of civil rights, limiting police authority or behavior, or limiting the presence of federal officers in Oregon.

14.     The term "protest area" refers to the area in downtown Portland circumscribed by West Burnside Street, the Willamette River, and Interstate Highway 405, including the Portland police-union headquarters, the Multnomah County Sheriff's Office, Chapman Square, Lownsdale Square, Multnomah County Justice Center, Mark O. Hatfield Federal Courthouse, Portland City Hall and the Multnomah County Courthouse.

15.     The terms "Officer," "Police Officer," and "Federal Officer" refer to employees and agents of Defendant whose duties involve law enforcement and policing, including but not

3-     PLAINTIFFS' REQUEST FOR PRODUCTION TO
       DEFENDANT U.S. DEPARTMENT OF
       HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

16.    The term "protest-related policing" refers broadly to all actions taken by Officers and others in anticipation of, in response to, or as a result of protest activities in the protest area. The term includes but is not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

17.    The term "subordinate agency" refers to each agency engaging in protest-related policing that falls within Defendant's control, whether officially, under an interagency agreement, or on an ad hoc basis, including but not limited to Customs and Borders Protection, Immigration and Customs Enforcement, the Transportation Security Administration, the Coast Guard, and the Federal Protective Service.

18.    The term "munitions" means all less-lethal methods of crowd control, including but not limited to: rubber bullets, pepper balls, tear gas, bean bags, batons, mace, and other projectiles thrown by hand, swung, or otherwise discharged by an Officer.

## INSTRUCTIONS

1.    Each Request will be answered under Federal Rule of Civil Procedure 34 and supplemented as required by Federal Rule of Civil Procedure 26(e). Each Request will be deemed to impose a continuing duty upon You to serve supplemental and/or amended responses properly as You acquire additional knowledge and/or information relating to these Requests. Such supplemental documents and things are to be produced as soon as is reasonably possible after they are located or obtained.

2.    These Requests will be interpreted to be inclusive rather than exclusive.

3.    Electronically stored information will be produced in a form mutually agreeable to the parties.

4-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
       DEFENDANT U.S. DEPARTMENT OF
       HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

4.      These Requests apply to all documents in Your possession, custody, or control at the present time, or coming into Your possession, custody or control at any time during this Litigation while the duties to produce documents and supplement Your production continue.

5.      In responding to each Request, state which documents and things You will produce for inspection and copying. If You object to a particular request, state the precise grounds upon which the objection rests.

6.      If no documents or things are responsive to a particular Request, You are to state in Your response that no responsive documents or things exist.

7.      If You withhold any documents, things, or information based upon a claim of privilege or any other claim of immunity from discovery, then produce a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 26(b).

8.      If You contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted and describe the redacted portion in a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 26(b).

9.      These Requests seek all responsive documents in their original language, and, if such original language is not English, these Requests also seek all English-language translations that may exist or come into existence for any such documents.

10.      Each document is to be produced along with all drafts and non-identical copies (including without limitation copies with hand-written or other notes), without abbreviation or redaction. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for Your narrowing of that request.

5-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
      DEFENDANT U.S. DEPARTMENT OF
      HOMELAND SECURITY

152509691.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

11.     If You object to any Request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such Request vague and/or ambiguous and specify the meaning actually attributed by You to such words, terms or phrases for purposes of Your response thereto.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All payroll and overtime records for Officers directed by Defendant to respond to protest-related activity in the protest area on July 4-5, 10-12, 14, 17-21, 2020.  This request is limited to records for those dates but includes records relating to the following day, if the Officer was present through midnight.

**Response to Request for Production No. 1:**


**Request for Production No. 2:** All documents sufficient to identify any Officer who discharged munitions, swing a melee weapon, or who otherwise reported making contact with anyone engaged in any protest activities within the protest area on July 4-5, 10-12, 14, 17-21, 2020. This request is limited to documents relating to those dates but includes documents relating to the following day, if the Officer was present through midnight.

**Response to Request for Production No. 2:**

DATED:  May 25, 2021                    **PERKINS COIE LLP**

                                                        By:_/s/ Thomas R. Johnson_____
                                                              **Thomas R. Johnson,** OSB No. 010645
                                                              TRJohnson@perkinscoie.com
                                                              **Misha Isaak,** OSB No. 086430
                                                              misaak@perkinscoie.com
                                                              **Nathan R. Morales,** OSB No. 145763
                                                              NMorales@perkinscoie.com
                                                              **Holly J. Martinez**, OSB No. 192265
                                                              HMartinez@perkinscoie.com
                                                              1120 N.W. Couch Street, Tenth Floor
                                                              Portland, Oregon 97209-4128
                                                              Telephone: 503.727.2000

                                                              Attorneys for Plaintiffs

6-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
        DEFENDANT U.S. DEPARTMENT OF
        HOMELAND SECURITY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' REQUEST FOR**

**PRODUCTION TO DEFENDANT U.S. DEPARTMENT OF HOMELAND SECURITY** on

the following:

  Brian M. Boyton
  Scott E. Asphaug
  Alexander K. Haas
  Brigham J. Bowen
  Jason Lynch
  Keri Berman
  Keri.l.berman@usdoj.gov
  U.S. Department of Justice
  Civil Division, Federal Programs Branch
  1100 L Street, NW
  Room 11206
  Washington, D.C. 20530

to be sent by the following indicated method or methods, on the date set forth below:

| | |
|---|---|
| [ ] | by **sending via the court's electronic filing system** |
| [x] | by **email** |
| [x] | by **mail** |
| [ ] | by **hand delivery** |

DATED:  May 25, 2021

**PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*
   **Thomas R. Johnson,** OSB No. 010645
   TRJohnson@perkinscoie.com
   **Misha Isaak,** OSB No. 086430
   misaak@perkinscoie.com
   **Nathan R. Morales,** OSB No. 145763
   NMorales@perkinscoie.com
   **Holly J. Martinez**, OSB No. 192265
   HMartinez@perkinscoie.com
   1120 N.W. Couch Street, Tenth Floor
   Portland, Oregon 97209-4128
   Telephone: 503.727.2000

1-    CERTIFICATE OF SERVICE

**Thomas R. Johnson,** OSB No. 010645
TRJohnson@perkinscoie.com
**Misha Isaak,** OSB No. 086430
misaak@perkinscoie.com
**Nathan R. Morales,** OSB No. 145763
NMorales@perkinscoie.com
**Holly J. Martinez**, OSB No. 192265
HMartinez@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Kelly K. Simon,** OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR  97240
Telephone:  503-227-6928

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER WISE, MICHAEL MARTINEZ, CHRISTOPHER DURKEE, and SAVANNAH GUEST, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORTLAND, a municipal corporation; OFFICER STEPHEN B. PETTEY, in his individual capacity; JOHN DOES 1-60, individual and supervisory officers of Portland Police Bureau; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. MARSHALS SERVICE; JOHN DOES 61-100, individual and supervisory officers of the federal government, <br><br> Defendants. | Case No. 3:20-cv-01193-IM <br><br> **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT U.S. MARSHALS SERVICE** <br><br> Pursuant to Fed. R. Evid. 201 |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. MARSHALS SERVICE

152522575.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 19 of 35

Under Federal Rule of Civil Procedure 33 and Local Rule 33, Plaintiffs Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest request that Defendant United States Marshals Service answer these interrogatories in wring and under oath within 30 days after service of these interrogatories.

## DEFINITIONS

As used in this request, the following terms are defined as follows:

1.      The term "Plaintiffs" refers to Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest.

2.      The terms "Defendant," "You" or "Your" refer to U.S. Marshals Service, and its agents, employees, officers, and officials.

3.      The terms "person" and "persons" mean both natural persons and legal entities (i.e., local, county, state, or other governmental entities).  Unless noted otherwise, references to any person, entity or party herein includes its, his or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person or entities.

4.      The singular form of a term will be interpreted to include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5.      The masculine form of a term shall be interpreted to include the feminine and vice versa.

6.      Unless the context does not permit, the term "including" or "include" shall be without limitation.

7.      The terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive, as required by the context, to bring within the scope of these requests any information which might be deemed outside their scope by any other construction.

1-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
       TO DEFENDANT U.S. MARSHALS SERVICE

152522575.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 20 of 35

8.      The terms "each," "any" and "all" shall be construed in their broadest form, and words imparting the singular shall include the plural and vice versa, so as to bring within the scope of these requests all the information that might otherwise be construed to be outside their scope.

9.      The terms "Officer," "Police Officer," "Deputy," and "Federal Officer" refer to employees and agents of Defendant whose duties involve law enforcement and policing, including but not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

10.      The terms "protest activities" and "protest related" mean any public demonstration or gathering in Portland following the murder of George Floyd on May 25, 2020, in support of civil rights, limiting police authority or behavior, or limiting the presence of federal officers in Oregon.

11.      The term "protest area" refers to the area in downtown Portland circumscribed by West Burnside Street, the Willamette River, and Interstate Highway 405, including the Portland police-union headquarters, the Multnomah County Sheriff's Office, Chapman Square, Lownsdale Square, Multnomah County Justice Center, Mark O. Hatfield Federal Courthouse, Portland City Hall and the Multnomah County Courthouse.

12.      The term "protest-related policing" refers broadly to all actions taken by Officers and others in anticipation of, in response to, or as a result of protest activities in the protest area. The term includes but is not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

13.      The term "subordinate agency" refers to each agency that falls within Defendant's control, whether officially, under an interagency agreement, or on an ad hoc basis, including but not limited to Customs and Borders Protection, Immigration and Customs

2-      PLAINTIFFS' FIRST SET OF INTERROGATORIES
        TO DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Enforcement, the Transportation Security Administration, the Coast Guard, and the Federal Protective Service.

14.    The term "munitions" means all less-lethal methods of crowd control, including but not limited to: rubber bullets, pepper balls, cans of tear gas, bean bags, batons, mace, and other projectiles thrown by hand, swung, or otherwise discharged by an Officer.

## INSTRUCTIONS

Defendant must answer each interrogatory fully in writing under oath.

1.    When an interrogatory relates to more than one person or subject, it must be answered as to each such person or subject separately.

2.    Any objection to the interrogatories must be signed by the attorney making the objection. The objecting party must state the reasons for the objection with specificity and must answer any portion of the interrogatory to which there is no objection.

3.    Defendant must furnish all information available to it as of the date of its answers to these interrogatories. If Defendant is unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of Defendant knowledge and Defendant inability to answer the remainder, setting forth whatever information or knowledge Defendant may have concerning the unanswered portions and the efforts made to obtain the requested information.

4.    Whenever Defendant is asked to identify or state the identity of a person, please state: (a) the person's full name; (b) the person's current or last known Internet e-mail address; (c) the person's current business address or last known home and business address; (d) the person's current business telephone number or last known home and business telephone numbers; (e) last known employer; (f) last known title or occupation; (g) if the person's present whereabouts are unknown, state all information known to Defendant that reasonably may be helpful in locating the person (for example, spouse's name and address and the names and

3-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
      TO DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

addresses of other known relatives); (h) the person's badge number, if applicable; and (i) if the person has ever been employed by Defendant, state all employment positions which the person has held with Defendant and the beginning and ending dates of each such employment position.

5.      These interrogatories call for all information (including information contained in any document or writing) that is known or available to Defendant, including all information in the possession of or available to Defendant's attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

6.      If Defendant withholds information responsive, in whole or in part, to any interrogatory on the basis of privilege or immunity from discovery, identify:  (a) the privilege or immunity asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required to test the claim of privilege on a motion to compel.

7.      If Defendant objects to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

8.      Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

9.      If the answer to an interrogatory requests identification of documents, and Defendant is aware that a document or thing, or group of documents or things, once existed but has been destroyed, then you are instructed to state when the document, thing, or group of documents or things was destroyed, who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

10.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is under a duty to promptly amend their responses to these interrogatories if they learn that an

4-   PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT U.S. MARSHALS SERVICE

152522575.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:   503.727.2222

EXHIBIT A
Page 23 of 35

answer is incomplete or incorrect.  If Defendant expects to obtain further information or expect the accuracy of a response to change between the time responses are served and the time of trial, Defendant must state this fact in each response:

## INTERROGATORIES

**Interrogatory No. 1:** Identify each Deputy regularly stationed or assigned to protect federal property in Portland from June 26, 2020 to August 2, 2020, including but not limited to the dates of: July 4-21, 2020, and who participated in protest-related policing.

**Response to Interrogatory No. 1:**


**Interrogatory No. 2:** Identify each Deputy sent to Portland pursuant to Executive Order 13933- Protecting American Monuments, Memorials, and Statues and Combating Recent Criminal Violence ("Executive Order") from June 26, 2020 to August 2, 2020, including but not limited to the dates of: July 4-21, 2020.

**Response to Interrogatory No. 2:**


**Interrogatory No. 3:** Identify each Deputy sent to Portland pursuant to any other order or agreement not referenced in Interrogatory No. 1 from June 26, 2020 to August 2, 2020 for the purpose of protecting federal property, crowd control, or protest-related policing.

**Response to Interrogatory No. 3:**


**Interrogatory No. 4:** Identify individuals with direct supervisory authority over the Deputies identified in response to Interrogatory Nos. 1 and 2. This interrogatory includes any temporary or ad hoc supervisory authority over law enforcement.

**Response to Interrogatory No. 4:**


5-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
       TO DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Interrogatory No. 5:** Identify each of the orders, agreements, or other authorities Defendant relied upon to send deputies to Portland from June 26, 2020 to August 2, 2020 for the purpose of protecting federal property, crowd control, or protest-related activities.

**Response to Interrogatory No. 5:**


**Interrogatory No. 6:** Identify each Deputy described in ¶153 of the Complaint.

**Response to Interrogatory No. 6:**


**Interrogatory No. 7:** Identify each Deputy who struck any protester with a baton or other melee weapon within the protest area on July 4, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 7:**


**Interrogatory No. 8:** Identify each Deputy who discharged munitions (including throwing munitions) within the protest area on July 4, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 8:**


**Interrogatory No. 9:** Identify the Deputy described in ¶160 of the Complaint.

**Response to Interrogatory No. 9:**


**Interrogatory No. 10:** Identify each Deputy who discharged munitions (including throwing munitions) within the protest area on July 11, 2020, including into the following day, if the Officer was present through midnight.

6-    PLAINTIFFS' FIRST SET OF INTERROGATORIES
       TO DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A

**Response to Interrogatory No. 10:**

**Interrogatory No. 11:** Identify each Deputy who discharged munitions (including throwing munitions) within the protest area on July 12, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 11:**

**Interrogatory No. 12:** Identify each Deputy shown in the video described in ¶169 of the Complaint**.**

**Response to Interrogatory No. 12:**

**Interrogatory No. 13:** Identify each Deputy who struck any protester with a baton or other melee weapon within the protest area on July 5, 2020, including into the following day, if the Officer was present through midnight.

**Response to Interrogatory No. 13:**

DATED:  May 25, 2021                          **PERKINS COIE LLP**

By:*/s/ Thomas R. Johnson*
        **Thomas R. Johnson,** OSB No. 010645
        TRJohnson@perkinscoie.com
        **Misha Isaak,** OSB No. 086430
        misaak@perkinscoie.com
        **Nathan R. Morales,** OSB No. 145763
        NMorales@perkinscoie.com
        **Holly J. Martinez,** OSB No. 192265
        HMartinez@perkinscoie.com
        1120 N.W. Couch Street, Tenth Floor
        Portland, Oregon 97209-4128
        Telephone: 503.727.2000

        Attorneys for Plaintiffs

7-   PLAINTIFFS' FIRST SET OF INTERROGATORIES
      TO DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' FIRST SET OF**

**INTERROGATORIES TO DEFENDANT U.S. MARSHALS SERVICE** on the following:

Brian M. Boyton
Scott E. Asphaug
Alexander K. Haas
Brigham J. Bowen
Jason Lynch
Keri Berman
Keri.l.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11206
Washington, D.C. 20530

to be sent by the following indicated method or methods, on the date set forth below:

| | |
|---|---|
| ☐ | by **sending via the court's electronic filing system** |
| ☒ x | by **email** |
| ☒ x | by **mail** |
| ☐ | by **hand delivery** |

DATED:  May 25, 2021                     **PERKINS COIE LLP**

By:_/s/ Thomas R. Johnson_____
    **Thomas R. Johnson,** OSB No. 010645
    TRJohnson@perkinscoie.com
    **Misha Isaak,** OSB No. 086430
    misaak@perkinscoie.com
    **Nathan R. Morales,** OSB No. 145763
    NMorales@perkinscoie.com
    **Holly J. Martinez**, OSB No. 192265
    HMartinez@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000

1-    CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Thomas R. Johnson,** OSB No. 010645
TRJohnson@perkinscoie.com
**Misha Isaak,** OSB No. 086430
misaak@perkinscoie.com
**Nathan R. Morales,** OSB No. 145763
NMorales@perkinscoie.com
**Holly J. Martinez**, OSB No. 192265
HMartinez@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Kelly K. Simon,** OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR  97240
Telephone:  503-227-6928

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER WISE, MICHAEL MARTINEZ, CHRISTOPHER DURKEE, and SAVANNAH GUEST, individuals,<br><br>                              Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, a municipal corporation; OFFICER STEPHEN B. PETTEY, in his individual capacity; JOHN DOES 1-60, individual and supervisory officers of Portland Police Bureau; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. MARSHALS SERVICE; JOHN DOES 61-100, individual and supervisory officers of the federal government,<br><br>                              Defendants. | Case No. 3:20-cv-01193-IM<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT U.S. MARSHALS SERVICE**<br><br>Pursuant to Fed. R. Evid. 201 |

EXHIBIT A

**TO:**          **Defendant U.S. Marshals Service ("Defendant") and their counsel of record:**

Under Rule 34 of the Federal Rules of Civil Procedure, plaintiffs Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest (collectively, "Plaintiffs") submit the following Requests for Production to Defendant to be answered within 30 days after service. Plaintiffs requests that Defendant electronically produce responsive documents and things to the Portland, Oregon office of Perkins Coie LLP, 1120 NW Couch St., Tenth Floor, Portland, OR 97209. Defendant are hereby requested to timely supplement their production to each and every Request whenever they learn that the response is incomplete or incorrect in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.          "Plaintiffs" means Christopher Wise, Michael Martinez, Christopher Durkee, and Savannah Guest.

2.          The terms "Defendant," "You" or "Your" refer to U.S. Marshals Service, and its agents, employees, officers, and officials.

3.          The terms "person" and "persons" mean both natural persons and legal entities (i.e., local, county, state, or other governmental entities). Unless noted otherwise, references to any person, entity or party herein includes its, his or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person or entities.

4.          "Document(s)" is used in its broadest sense and means, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. "Document(s)" includes, but is not limited to, any books, brochures, catalogs, press releases, pamphlets, periodicals, letters, memorandums, diaries, files, notes, calendar, newspapers, magazines, statements, bills, invoices, orders, policies, telegrams,

1-  PLAINTIFFS' REQUEST FOR PRODUCTION TO
    DEFENDANT U.S. MARSHALS SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

152522267.1

correspondences, summaries, receipts, opinions, investigation statements or reports, schedules, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, manuals, financing statements, payroll statements and reports, audit reports, tax returns, reports, patents, patent applications, datasheets, contracts and agreements, memorandum of agreements, assignments, licenses, sublicenses, opinions and reports of experts, records, studies, handwritten notes, drawings, working papers, charts, indexes, tapes (audio or visual), microfilm, data sheets, e-mail and all other electronic and digital forms of communication, however produced.  Each non-identical draft of a document is a separate "document" under this definition.

5.      "Thing(s)" is given the broadest interpretation permitted by the Federal Rules of Civil Procedure.

6.      "Communication" means any oral, written, or electronic statement or message conveyed by one person or entity to another person or entity, any statement made by one person in the presence of one or more other persons, and any document delivered by or for one person to another person or entity.

7.      "Concerning" means referring to, relating to, pertaining to, relevant to, material to, embodying, evidencing, affecting, comprising, discussing, dealing with, supporting, contradicting or otherwise considering in any manner whatsoever the subject matter of the inquiry.

8.      "Any," "each" and "all" refer to and include one another; the terms "and" and "or" each mean and include the other, and the singular form of any word and the plural form of the word each mean and include the other.

9.      The terms "and" and "or" are construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10.      The singular form of a word includes the plural and vice versa, and terms in the present tense include terms in the past tense and vice versa.

2-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
DEFENDANT U.S. MARSHALS SERVICE

152522267.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

EXHIBIT A
Page 30 of 35

11.     The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation, including relationships to other events.

12.     The words "identify," "identity," and "identification" mean: (a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number; (b) as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored, or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, a summary of the subject matter of the document, the number of pages of the document, the present whereabouts of the document, and the name and address of the custodian of the document; and (c) as applied to oral communications, to state the name of the person making the communication and the name(s) of the person(s) present while the communication was made, and, where not apparent, the relationship of the person(s) present to the person making the communication, the date and place of the communication, and a summary of the subject matter of the communication.

13.     The terms "Officer," "Police Officer," "Deputy," and "Federal Officer" refer to employees and agents of Defendant whose duties involve law enforcement and policing, including but not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

14.     The terms "protest activities" and "protest related" mean any public demonstration or gathering in Portland following the murder of George Floyd on May 25, 2020, in support of civil rights, limiting police authority or behavior, or limiting the presence of federal officers in Oregon.

15.     The term "protest area" refers to the area in downtown Portland circumscribed by West Burnside Street, the Willamette River, and Interstate Highway 405, including the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Portland police-union headquarters, the Multnomah County Sheriff's Office, Chapman Square, Lownsdale Square, Multnomah County Justice Center, Mark O. Hatfield Federal Courthouse, Portland City Hall and the Multnomah County Courthouse.

16.    The term "protest-related policing" refers broadly to all actions taken by Officers and others in anticipation of, in response to, or as a result of protest activities in the protest area. The term includes but is not limited to protecting life and property, enforcing criminal law, criminal investigations, regulating traffic, crowd control, public safety duties, civil defense, emergency management, and other duties concerned with public order.

17.    The term "munitions" means all less-lethal methods of crowd control, including but not limited to: rubber bullets, pepper balls, cans of tear gas, bean bags, batons, mace, and other projectiles thrown by hand, swung, or otherwise discharged by a Deputy.

**INSTRUCTIONS**

1.    Each Request will be answered under Federal Rule of Civil Procedure 34 and supplemented as required by Federal Rule of Civil Procedure 26(e). Each Request will be deemed to impose a continuing duty upon You to serve supplemental and/or amended responses properly as You acquire additional knowledge and/or information relating to these Requests. Such supplemental documents and things are to be produced as soon as is reasonably possible after they are located or obtained.

2.    These Requests will be interpreted to be inclusive rather than exclusive.

3.    Electronically stored information will be produced in a form mutually agreeable to the parties.

4.    These Requests apply to all documents in Your possession, custody, or control at the present time, or coming into Your possession, custody or control at any time during this Litigation while the duties to produce documents and supplement Your production continue.

4-    PLAINTIFFS' REQUEST FOR PRODUCTION TO
DEFENDANT U.S. MARSHALS SERVICE

152522267.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.      In responding to each Request, state which documents and things You will produce for inspection and copying. If You object to a particular request, state the precise grounds upon which the objection rests.

6.      If no documents or things are responsive to a particular Request, You are to state in Your response that no responsive documents or things exist.

7.      If You withhold any documents, things, or information based upon a claim of privilege or any other claim of immunity from discovery, then produce a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 26(b).

8.      If You contend that a portion of a document contains information that is immune from discovery, then produce the document with the allegedly immune portion redacted and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 31 above.

9.      These Requests seek all responsive documents in their original language, and, if such original language is not English, these Requests also seek all English-language translations that may exist or come into existence for any such documents.

10.      Each document is to be produced along with all drafts and non-identical copies (including without limitation copies with hand-written or other notes), without abbreviation or redaction. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for Your narrowing of that request.

11.      If You object to any Request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such Request vague

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and/or ambiguous and specify the meaning actually attributed by You to such words, terms or phrases for purposes of Your response thereto.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All payroll and overtime records for Deputies directed by Defendant to respond to perform protest-related policing in the protest area on July 4-5, 10-12, 14, 17-21, 2020.  This request is limited to records for those dates but includes records relating to the following day, if the Deputy was present through midnight.

**Response to Request for Production No. 1:**


**Request for Production No. 2:** All documents sufficient to identify any Deputy who discharged munitions, swung a melee weapon, or who otherwise reported making contact with anyone engaged in any protest activities within the protest area on July 4-5, 10-12, 14, 17-21, 2020. This request is limited to documents relating to those dates but includes documents relating to the following day, if the Deputy was present through midnight.

**Response to Request for Production No. 2:**



DATED:  May 25, 2021                                    **PERKINS COIE LLP**

                                                       By:*/s/ Thomas R. Johnson*
                                                       **Thomas R. Johnson,** OSB No. 010645
                                                       TRJohnson@perkinscoie.com
                                                       **Misha Isaak,** OSB No. 086430
                                                       misaak@perkinscoie.com
                                                       **Nathan R. Morales,** OSB No. 145763
                                                       NMorales@perkinscoie.com
                                                       **Holly J. Martinez**, OSB No. 192265
                                                       HMartinez@perkinscoie.com
                                                       1120 N.W. Couch Street, Tenth Floor
                                                       Portland, Oregon 97209-4128
                                                       Telephone: 503.727.2000

                                                       *Attorneys for Plaintiffs*

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' REQUEST FOR**

**PRODUCTION TO DEFENDANT U.S. MARSHALS SERVICE** on the following:

Brian M. Boyton
Scott E. Asphaug
Alexander K. Haas
Brigham J. Bowen
Jason Lynch
Keri Berman
Keri.l.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11206
Washington, D.C. 20530

to be sent by the following indicated method or methods, on the date set forth below:

| | |
|---|---|
| ☐ | by **sending via the court's electronic filing system** |
| ☒ | by **email** |
| ☒ | by **mail** |
| ☐ | by **hand delivery** |

DATED:  May 25, 2021

**PERKINS COIE LLP**

By:/s/ Thomas R. Johnson
    **Thomas R. Johnson,** OSB No. 010645
    TRJohnson@perkinscoie.com
    **Misha Isaak,** OSB No. 086430
    misaak@perkinscoie.com
    **Nathan R. Morales,** OSB No. 145763
    NMorales@perkinscoie.com
    **Holly J. Martinez**, OSB No. 192265
    HMartinez@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

152522267.1