

**U.S. Department of Justice**
Federal Programs Branch
Civil Division

1100 L Street, N.W.
Washington, D.C. 20530

June 8, 2021

Thomas R. Johnson
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
TRJohnson@perkinscoie.com

   Re: *Christopher Wise et al. v. City of Portland et al.*,
     <u>Case No. 3:20-cv-1193-IM  (D. Oregon)</u>

Dear Mr. Johnson:

   We write in regard to the interrogatories and requests for production, directed to the U.S. Department of Homeland Security and the U.S. Marshals Service ("Former Federal Defendants") in the above-captioned matter, that your office emailed to us. As you are no doubt aware, Judge Immergut previously held that the Plaintiffs lack standing to bring their claims against Former Federal Defendants and that all such claims are moot regardless. *Wise v. City of Portland*, ECF No. 88, Case No. 3:20-cv-1193  (D. Oregon. May 15, 2021). The Court dismissed all of the claims against Former Federal Defendants, and Former Federal Defendants have been terminated as parties to this case.

   These interrogatories and requests for production are not proper discovery under the Federal Rules of Civil Procedure, and Former Federal Defendants will not provide any response to them. As non-parties to this case, Former Federal Defendants are not subject to discovery under Rule 33 or Rule 34. *See* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on *any other party* no more than 25 written interrogatories." (emphasis added)); Fed. R. Civ. P. 34(a) ("A party may serve on *any other party* a request within the scope of Rule 26(b)." (emphasis added)). No part of Rule 33 or Rule 34 provides for those Rules' application to non-parties. Former Federal Defendants will decline to provide responses to these or any other interrogatories or requests for production served under Rules 33 and 34.

   Any attempt to obtain discovery from Former Federal Defendants would instead need to comply with Rule 45's procedures for obtaining discovery from non-parties. As the interrogatories and requests for production emailed to us do not comply with Rule 45, Former Federal Defendants will not treat them as properly propounded under that Rule. *See, e.g.*, Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending."). Furthermore, any non-party request for information from the U.S. Marshals Service or the U.S. Department of Homeland Security would be governed by the regulations found at 28 C.F.R. § 16.21 *et seq.* (for U.S. Marshals Service) and 6 C.F.R. § 5.41 *et seq.* (for U.S. Department of Homeland Security). *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Plaintiffs' interrogatories and requests for production have not complied with the procedures for

requesting non-party discovery from Former Federal Defendants, and no further response to those requests will be provided.

In addition, Former Federal Defendants will not be participating in any discovery conference under Rule 26(f). Only parties to the case are required to participate in a discovery conference. Fed. R. Civ. P. 26(f)(1) ("[T]he parties must confer."); *see also* Local Civ. R. 26-1(1) ("The parties must hold a Fed. R. Civ. P. 26(f) initial conference."). No rule requires the participation of a non-party in the Rule 26(f) conference, and participation by Former Federal Defendants would be inappropriate; Former Federal Defendants are not parties to this case, and Former Federal Defendants therefore have no interest in the subjects that must be discussed at the Rule 26(f) conference or in the discovery plan that must be produced. *See* Fed. R. Civ. P. 26(f)(2)–(3). As such, Former Federal Defendants will decline to participate in that conference.

Sincerely,

JASON
LYNCH

Digitally signed by
JASON LYNCH
Date: 2021.06.08
21:37:42 -04'00'

Jason C. Lynch
Keri L. Berman
Trial Attorneys
United States Department of Justice
Civil Division 1100 L Street NW
Washington, DC 20005
Tel: (202) 514-1359
Email: Jason.Lynch@usdoj.gov